**E-FILING**

ORIGINAL
FILED

07 OCT -9 PM 1:39

RICHARD W. WIEKING
U.S. DISTRICT COURT

**ADR**

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   EVELINE HENRIETTE ROSENBERRY
6

7

8          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                 SAN JOSE DIVISION

10 EVELINE HENRIETTE ROSENBERRY,          Case No. C07 05165 JW PVT

11                 Plaintiff,

12 v.                                      **COMPLAINT**

13 THE CBE GROUP, INC., an Iowa           **DEMAND FOR JURY TRIAL**
   corporation, and THOMAS R. PENALUNA,
14 individually and in his official capacity,    15 United States Code § 1692 *et seq.*
                                           California Civil Code § 1788 *et seq.*
15                 Defendants.             Invasion of Privacy

16

17          Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), based

18 on information and belief and investigation of counsel, except for those allegations which pertain

19 to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes

20 the following allegations:

21                         **I.  INTRODUCTION**

22          1.     This is an action for actual damages, statutory damages, attorney fees and

23 costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection

24 Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt

25 Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which

26 prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

27                         **II.  JURISDICTION**

28          2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

                                    -1-

1  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3      3.    This action arises out of Defendants' violations of the Fair Debt Collection

4  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

5  **III.  VENUE**

6      4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

7  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

8  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

9  Defendants transact business in this judicial district and the violations of the FDCPA complained

10 of occurred in this judicial district.

11 **IV.  INTRADISTRICT ASSIGNMENT**

12     5.    This lawsuit should be assigned to the San Jose Division of this Court because

13 a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

14 County.

15 **V.  PARTIES**

16     6.    Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"),

17 is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the

18 meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

19     7.    Defendant, THE CBE GROUP, INC. (hereinafter "CBE"), is an Iowa

20 corporation engaged in the business of collecting debts in this state with its principal place of

21 business located at: 131 Tower Park, Suite 100, Waterloo, Iowa  50701-9374.  CEB may be served

22 as follows:  The CEB Group, Inc., c/o Thomas R. Penaluna, Registered Agent, 131 Tower Park,

23 Suite 100, Waterloo, Iowa  50701-9374.  The principal business of CBE is the collection of debts

24 using the mails and telephone and CBE regularly attempts to collect debts alleged to be due another.

25 CBE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code §

26 1788.2(c).

27     8.    Defendant, THOMAS R. PENALUNA (hereinafter "PENALUNA"), is a

28 natural person and is or was an employee, agent, officer and/or director of CEB at all relevant times.

1    PENALUNA may be served at his current business address at: Thomas R. Penaluna, The CEB
2    Group, Inc., 131 Tower Park, Suite 100, Waterloo, Iowa 50701-9374 and at his residence address
3    at: Thomas R. Penaluna, 8034 Slap Trail, Cedar Falls, Iowa 50613-9303. PENALUNA is a "debt
4    collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff
5    is informed and believes, and thereon alleges that PENALUNA is liable for the acts of CEB because
6    he sets and approves CEB collection policies, practices, procedures and he directed the unlawful
7    activities described herein.

8        9.    At all times herein mentioned, each of the Defendants was an officer, director,
9    agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said
10   times, each Defendant was acting in the full course and scope of said office, directorship, agency,
11   service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
12   qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

13                              **VI.  FACTUAL ALLEGATIONS**

14       10.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
15   a financial obligation that was primarily for personal, family or household purposes, namely a
16   consumer credit card issued by Citicorp Credit Services, Inc. (USA) and bearing the account number
17   XXXXXX0761 (hereinafter "the alleged debt"). The financial obligation alleged to be owed to
18   Citicorp Credit Services, Inc. (USA) by Plaintiff is a "debt" as that term is defined by 15 U.S.C. §
19   1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

20       11.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was
21   consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

22       12.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which
23   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24       13.    A true and accurate copy of the collection letter from Defendants to Plaintiff
25   is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

26       14.    The collection letter (Exhibit "1") is dated October 21, 2006.

27       15.    The collection letter (Exhibit "1") was Defendants' first written notice
28   initially addressed to Plaintiff in connection with collecting the alleged debt.

16. On or about October 31, 2006, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay."

17. A true and accurate copy of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

18. Defendants received Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") on or about November 6, 2006.

19. A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

20. On or about November 17, 2006, an employee of Defendants recorded the following message on Plaintiff's answering machine:

Hey Eveline, this is Dennis. Please give me a call. My number is 866-239-6098. Thanks.

21. On or about November 18, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

098. Again that number is 1-866-239-6098. Please return my call. Thank you.

22. On or about November 20, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

098. Again that number is 1-866-239-6098. Please return my call. Thank you.

23. On or about November 20, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

098. Again that number is 1-866-239-6098. Please return my call. Thank you.

24. Thereafter Defendants sent Plaintiff a second collection letter (Exhibit "4") which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. A true and accurate copy of the second collection letter from Defendants to

-4-
COMPLAINT

1     Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

2           26.     The second collection letter (Exhibit "4") is dated November 21, 2006.

3           27.     On or about November 21, 2006, Defendants recorded the following

4     automated message on Plaintiff's answering machine:

5       098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

6           28.     On or about November 21, 2006, an employee of Defendants recorded the

7     following message on Plaintiff's answering machine:

8       Eveline, this is Lindsey.  I need you to give me a call back please.  My number is
       866-239-6098.  Thank you.

9

10          29.     On or about November 22, 2006, an employee of Defendants recorded the

11     following message on Plaintiff's answering machine:

12       Hi.  This message is for Eveline Rosenberry.  My name is Amy.  If you can could
       call me toll free.  It's 866-239-6098.  Thank you.

13

14          30.     On or about November 24, 2006, an employee of Defendants recorded the

15     following message on Plaintiff's answering machine:

16       Eveline, this is Valerie.  If you can give me a call.  My telephone number here is
       866-239-6098.

17

18          31.     On or about November 27, 2006, Defendants recorded the following

19     automated message on Plaintiff's answering machine:

20       098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

21          32.     On or about November 27, 2006, Defendants recorded the following

22     automated message on Plaintiff's answering machine:

23       098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

24          33.     On or about November 29, 2006, Defendants recorded the following

25     automated message on Plaintiff's answering machine:

26       098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

27          34.     On or about November 29, 2006, Defendants recorded the following

28     automated message on Plaintiff's answering machine:

1    098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

2        35.    On or about November 29, 2006, Defendants recorded the following

3    automated message on Plaintiff's answering machine:

4    098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

5        36.    On or about November 30, 2006, Defendants recorded the following

6    automated message on Plaintiff's answering machine:

7    098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

8        37.    On or about November 30, 2006, Defendants recorded the following

9    automated message on Plaintiff's answering machine:

10   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

11       38.    On or about December 1, 2006, an employee of Defendants recorded the

12   following message on Plaintiff's answering machine:

13   Hi.  This is Erica.  If you would please return my call.  The number is 866-239-6098.
     Thanks.

14

15       39.    On or about December 2, 2006, Defendants recorded the following automated

16   message on Plaintiff's answering machine:

17   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

18       40.    On or about December 4, 2006, Defendants recorded the following automated

19   message on Plaintiff's answering machine:

20   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

21       41.    On or about December 12, 2006, Defendants recorded the following

22   automated message on Plaintiff's answering machine:

23   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

24       42.    On or about December 13, 2006, Defendants recorded the following

25   automated message on Plaintiff's answering machine:

26   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

27       43.    On or about December 14, 2006, Defendants recorded the following

28   automated message on Plaintiff's answering machine:

1   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

2       44.    On or about December 18, 2006, Defendants recorded the following

3   automated message on Plaintiff's answering machine:

4   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

5       45.    On or about December 19, 2006, Defendants recorded the following

6   automated message on Plaintiff's answering machine:

7   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

8       46.    On or about December 20, 2006, an employee of Defendants recorded the

9   following message on Plaintiff's answering machine:

10  Eveline, this is Jaime Nixon.  Please give me a call back.  My number is 866-239-
    6098.  Thank you.

11

12      47.    On or about December 21, 2006, Defendants recorded the following

13  automated message on Plaintiff's answering machine:

14  098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

15      48.    On or about December 21, 2006, Defendants recorded the following

16  automated message on Plaintiff's answering machine:

17  098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

18      49.    On or about December 26, 2006, Defendants recorded the following

19  automated message on Plaintiff's answering machine:

20  Please hold a moment while this call is being connected.

21      50.    On or about December 27, 2006, an employee of Defendants recorded the

22  following message on Plaintiff's answering machine:

23  Eveline, this is Lindsey.  I need a call back please at 866-239-6098.  Thank you.

24      51.    On or about December 28, 2006, an employee of Defendants recorded the

25  following message on Plaintiff's answering machine:

26  Hi, this message is for Eveline.  If you could call me toll free - 866-239-6098.  Thank
    you.

27

28      52.    Each of Defendants' answering machine messages was a "communication"

1  in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

2      53.    Defendants failed to disclose Defendants' identity and the nature of

3  Defendants' business each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6)

4  and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d

5  1104, 1112 & 1118 (C.D. CA 2005).

6      54.    Defendants failed to disclose that the answering machine messages were

7  communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).   See *Hosseinzadeh*

8  *v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. CA 2005);  *Foti v. NCO Financial*

9  *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

10     55.    Defendants caused Plaintiff's telephone to ring repeatedly or continuously

11  with the intent to annoy, abuse or harass Plaintiff.

12     56.    Defendants caused Plaintiff's telephone to ring with such frequency as to be

13  unreasonable and constitute harassment to Plaintiff under the circumstances.

14     57.    As a consequence of Defendants' collection activities and communications,

15  Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered

16  emotional distress, humiliation and embarrassment.

17                        **VII.  CLAIMS**

18                **FAIR DEBT COLLECTION PRACTICES ACT**

19     58.    Plaintiff brings the first claim for relief against Defendants under the Federal

20  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

21     59.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

22  through 57 above.

23     60.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

24  1692a(3).

25     61.    Defendant, CBE, is a "debt collector" as that term is defined by the FDCPA,

26  15 U.S.C. § 1692a(6).

27     62.    Defendant, PENALUNA, is a "debt collector" as that term is defined by the

28  FDCPA, 15 U.S.C. § 1692a(6).

63.    The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

64.    Defendants' answering machine messages described above violate the FDCPA.  The violations include, but are not limited to, the following:

        a.    Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

        b.    Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5);

        c.    Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6); and

        d.    Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

65.    Defendants have further violated the FDCPA in the following respects:

        a.    Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c).

66.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

67.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

68.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

69.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

1 | through 67 above.

2 |      70.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code
3 | § 1788.2(h).

4 |      71.   Defendant, CBE, is a "debt collector" as that term is defined by the RFDCPA,
5 | Cal. Civil Code § 1788.2(c).

6 |      72.   Defendant, PENALUNA, is a "debt collector" as that term is defined by the
7 | RFDCPA, Cal. Civil Code § 1788.2(c).

8 |      73.   The financial obligation allegedly owed by Plaintiff is a "consumer debt" as
9 | that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

10 |      74.   Defendants' answering machine messages described above violate the
11 | RFDCPA.  The violations include, but are not limited to, the following:

12 |      a.   Defendants caused Plaintiff's telephone to ring repeatedly or
13 | continuously with the intent to annoy, abuse or harass Plaintiff, in
14 | violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code
15 | § 1788.17 and Cal. Civil Code § 1788.11(d);

16 |      b.   Defendants caused Plaintiff's telephone to ring with such frequency
17 | as to be unreasonable and constitute harassment to Plaintiff under the
18 | circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated
19 | by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

20 |      c.   Defendants failed to disclose Defendants' identity and the nature of
21 | Defendants' business, in violation of 15 U.S.C. § 1692d(6), as
22 | incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §
23 | 1788.11(b);

24 |      d.   Defendants failed to disclose that the communications were from a
25 | debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated
26 | by Cal. Civil Code § 1788.17.

27 |      75.   Defendants have further violated the RFDCPA in the following respects:

28 |      a.   Defendants continued to communicate with Plaintiff in an attempt to

-10-

collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17.

76.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

77.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

78.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

79.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

80.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

81.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

82.    Plaintiff brings the third claim for relief against Defendants for common law Invasion of Privacy by Intrusion Upon Seclusion.

83.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 81 above.

84.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and private concerns or affairs while in her home.

85. Defendants intentionally intruded into Plaintiff's home by using an automated device which repeatedly caused Plaintiff's telephone to ring.

86. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

87. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt thereby invading and intruding upon Plaintiff's right to privacy, solitude and seclusion.

88. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

89. Plaintiff has been harmed by Defendants' invasion of privacy and has been damages as a result of the invasion of privacy by Defendants, including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation, stress, lack of concentration, anxiety and embarrassment by such invasions of her privacy by these Defendants.

90. As a result of such invasions of privacy, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial from Defendants.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

c. Declare that Defendants' answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

d. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c);

e. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

f. Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

g.      Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h.      Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

i.      Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

j.      Award Plaintiff her actual damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

k.      Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

l.      Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
EVELINE HENRIETTE ROSENBERRY


**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EVELINE HENRIETTE ROSENBERRY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.