Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Ronald Wilcox (SBN 176601)
ATTORNEY AT LAW
2160 The Alameda, First Floor, Suite F
San Jose, California  95126-1122
Telephone Number: (408) 296-0400
Facsimile Number: (408) 296-0486
Email Address: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiff
EVELINE HENRIETTE ROSENBERRY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| EVELINE HENRIETTE ROSENBERRY,<br><br>             Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC., an Iowa corporation,<br><br>             Defendant. | Case No.  C07-05165-JW-PVT<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.*<br>Invasion of Privacy<br>Negligent Collection<br>Tort-in-se |

        Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

        1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which

1  prohibit debt collectors from engaging in abusive, deceptive and unfair practices.    Plaintiff also

2  seeks actual damages and punitive damages for Defendant's invasion of her privacy by intrusion

3  upon seclusion and for Defendant's negligent collection practices.

4          2.        According to 15 U.S.C. § 1692:

5  a.        There is abundant evidence of the use of abusive, deceptive, and unfair debt

6          collection practices by many debt collectors.  Abusive debt collection practices

7          contribute to the number of personal bankruptcies, to marital instability, to the loss

8          of jobs, and to invasions of individual privacy.

9  b.        Existing laws and procedures for redressing these injuries are inadequate to protect

10          consumers.

11  c.        Means other than misrepresentation or other abusive debt collection practices are

12          available for the effective collection of debts.

13  d.        Abusive debt collection practices are carried on to a substantial extent in interstate

14          commerce and through means and instrumentalities of such commerce.  Even where

15          abusive debt collection practices are purely intrastate in character, they nevertheless

16          directly affect interstate commerce.

17  e.        It is the purpose of this title to eliminate abusive debt collection practices by debt

18          collectors, to insure that those debt collectors who refrain from using abusive debt

19          collection practices are not competitively disadvantaged, and to promote consistent

20          State action to protect consumers against debt collection abuses.

21  **II.  JURISDICTION**

22          3.        Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

23  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

24  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

25          4.        This action arises out of Defendant's violations of the Fair Debt Collection

26  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

27  **III.  VENUE**

28          5.        Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

FIRST AMENDED COMPLAINT          Case No. C07-05165-JW-PVT

1  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

2  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

3  Defendant transacts business in this judicial district and the violations of the FDCPA complained

4  of occurred in this judicial district.

5  **IV.  INTRADISTRICT ASSIGNMENT**

6  6.      This lawsuit should be assigned to the San Jose Division of this Court because

7  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

8  County.

9  **V.  PARTIES**

10  7.      Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"),

11  is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the

12  meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h)

13  and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

14  8.      Defendant, THE CBE GROUP, INC. (hereinafter "CBE"), is an Iowa

15  corporation engaged in the business of collecting debts in this state with its principal place of

16  business located at: 131 Tower Park, Suite 100, Waterloo, Iowa  50701-9374.  CEB may be served

17  as follows:  The CEB Group, Inc., c/o Thomas R. Penaluna, Registered Agent, 131 Tower Park,

18  Suite 100, Waterloo, Iowa  50701-9374.  The principal business of CBE is the collection of debts

19  using the mails and telephone and CBE regularly attempts to collect debts alleged to be due another.

20  CBE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code §

21  1788.2(c).

22  **VI.  FACTUAL ALLEGATIONS**

23  9.      On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

24  a two financial obligations that were primarily for personal, family or household purposes, namely

25  two consumer credit card accounts issued by Citicorp Credit Services, Inc. (USA) (hereinafter "the

26  Conoco debt," "the Shell debt" or when referred to collectively "the alleged debts").  The financial

27  obligations alleged to be owed to Citicorp Credit Services, Inc. (USA) by Plaintiff are each a "debt"

28  as that term is defined by 15 U.S.C. § 1692a(5) and are each a "consumer debt" as that term is

-3-

1    defined by Cal. Civil Code § 1788.2(f).

2        10.    Sometime thereafter on a date unknown to Plaintiff, the alleged debts were

3    consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

4        11.    Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which

5    is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

6        12.    A true and accurate copy of the collection letter from Defendant to Plaintiff

7    is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

8        13.    The collection letter (Exhibit "1") is dated October 21, 2006.

9        14.    The collection letter (Exhibit "1") was Defendant's first written notice

10    initially addressed to Plaintiff in connection with collecting the Conoco debt.

11        15.    On or about October 31, 2006, Plaintiff mailed a letter to Defendant which

12    stated: "please be advised that I dispute this debt and refuse to pay."

13        16.    A true and accurate copy of Plaintiff's letter disputing the Conoco debt and

14    refusing to pay the Conoco debt is attached hereto, marked Exhibit "2," and by this reference is

15    incorporated herein.

16        17.    Defendant received Plaintiff's letter disputing the Conoco debt and refusing

17    to pay the Conoco debt (Exhibit "2") on or about November 6, 2006.

18        18.    A true and accurate copy of the USPS Tracking Report and Certified Mail

19    Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the Conoco debt and

20    refusing to pay the Conoco debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this

21    reference is incorporated herein.

22        19.    Thereafter, Defendant sent a collection letter (Exhibit "4") to Plaintiff which

23    is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24        20.    A true and accurate copy of the collection letter from Defendant to Plaintiff

25    is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

26        21.    The collection letter (Exhibit "4") is dated November 17, 2006.

27        22.    The collection letter (Exhibit "4") was Defendant's first written notice

28    initially addressed to Plaintiff in connection with collecting the Shell debt.

FIRST AMENDED COMPLAINT                                    Case No. C07-05165-JW-PVT

23.    Thereafter, Defendant made several telephone calls to Plaintiff which were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24.    Defendant knew or should have known that its conduct was directed towards a senior citizen.

25.    On or about November 17, 2006, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> Hey Eveline, this is Dennis.  Please give me a call.  My number is 866-239-6098. Thanks.

26.    On or about November 18, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

> 098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

27.    On or about November 20, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

> 098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

28.    On or about November 20, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

> 098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

29.    Thereafter, Defendant sent Plaintiff a collection letter (Exhibit "5") which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30.    A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

31.    The collection letter (Exhibit "5") is dated November 21, 2006.

32.    On or about November 21, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

> 098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

33.    On or about November 21, 2006, an employee of Defendant recorded the following message on Plaintiff's answering machine:

FIRST AMENDED COMPLAINT                                    Case No. C07-05165-JW-PVT

1    Eveline, this is Lindsey.  I need you to give me a call back please.  My number is
     866-239-6098.  Thank you.

2

3         34.    On or about November 22, 2006, an employee of Defendant recorded the

4    following message on Plaintiff's answering machine:

5    Hi.  This message is for Eveline Rosenberry.  My name is Amy.  If you can could
     call me toll free.  It's 866-239-6098.  Thank you.

6

7         35.    Plaintiff received Defendant's collection letter (Exhibit "5") on or about

8    November 24, 2006.

9         36.    On or about November 24, 2006, an employee of Defendant recorded the

10   following message on Plaintiff's answering machine:

11   Eveline, this is Valerie.  If you can give me a call.  My telephone number here is
     866-239-6098.

12

13        37.    On or about November 27, 2006, Defendant recorded the following automated

14   message on Plaintiff's answering machine:

15   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

16        38.    On or about November 27, 2006, Defendant recorded the following automated

17   message on Plaintiff's answering machine:

18   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

19        39.    On or about November 29, 2006, Defendant recorded the following automated

20   message on Plaintiff's answering machine:

21   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

22        40.    On or about November 29, 2006, Defendant recorded the following automated

23   message on Plaintiff's answering machine:

24   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

25        41.    On or about November 29, 2006, Defendant recorded the following automated

26   message on Plaintiff's answering machine:

27   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

28        42.    On or about November 30, 2006, Defendant recorded the following automated

-6-

1    message on Plaintiff's answering machine:

2        098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

3        43.    On or about November 30, 2006, Defendant recorded the following automated

4    message on Plaintiff's answering machine:

5        098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

6        44.    On or about December 1, 2006, Plaintiff mailed a letter to Defendant which

7    stated: "please be advised that I dispute this debt and refuse to pay."

8        45.    A true and accurate copy of Plaintiff's letter disputing the Shell debt and

9    refusing to pay the Shell debt is attached hereto, marked Exhibit "6," and by this reference is

10   incorporated herein.

11       46.    On or about December 1, 2006, an employee of Defendant recorded the

12   following message on Plaintiff's answering machine:

13       Hi.  This is Erica.  If you would please return my call.  The number is 866-239-6098.
         Thanks.

14

15       47.    On or about December 2, 2006, Defendant recorded the following automated

16   message on Plaintiff's answering machine:

17       098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

18       48.    On or about December 4, 2006, Defendant recorded the following automated

19   message on Plaintiff's answering machine:

20       098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

21       49.    Defendant received Plaintiff's letter disputing the Shell debt and refusing to

22   pay the Shell debt (Exhibit "6") on or about December 5, 2006.

23       50.    A true and accurate copy of the USPS Tracking Report and Certified Mail

24   Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the Shell debt and

25   refusing to pay the Shell debt (Exhibit "6") is attached hereto, marked Exhibit "7," and by this

26   reference is incorporated herein.

27       51.    On or about December 12, 2006, Defendant recorded the following automated

28   message on Plaintiff's answering machine:

FIRST AMENDED COMPLAINT                                    Case No. C07-05165-JW-PVT

1    098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

2        52.    On or about December 13, 2006, Defendant recorded the following automated

3    message on Plaintiff's answering machine:

4    098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

5        53.    On or about December 14, 2006, Defendant recorded the following automated

6    message on Plaintiff's answering machine:

7    098.  Again that number is 1-866-239-6098.  Please return my call. Thank you.

8        54.    On or about December 18, 2006, Defendant recorded the following automated

9    message on Plaintiff's answering machine:

10   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

11       55.    On or about December 19, 2006, Defendant recorded the following automated

12   message on Plaintiff's answering machine:

13   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

14       56.    On or about December 20, 2006, an employee of Defendant recorded the

15   following message on Plaintiff's answering machine:

16   Eveline, this is Jaime Nixon.  Please give me a call back.  My number is 866-239-
     6098.  Thank you.

17

18       57.    On or about December 21, 2006, Defendant recorded the following automated

19   message on Plaintiff's answering machine:

20   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

21       58.    On or about December 21, 2006, Defendant recorded the following automated

22   message on Plaintiff's answering machine:

23   098.  Again that number is 1-866-239-6098.  Please return my call.  Thank you.

24       59.    On or about December 26, 2006, Defendant recorded the following automated

25   message on Plaintiff's answering machine:

26   Please hold a moment while this call is being connected.

27       60.    On or about December 27, 2006, an employee of Defendant recorded the

28   following message on Plaintiff's answering machine:

-8-

1    Eveline, this is Lindsey.  I need a call back please at 866-239-6098.  Thank you.

2    61.    On or about December 28, 2006, an employee of Defendant recorded the

3    following message on Plaintiff's answering machine:

4    Hi, this message is for Eveline.  If you could call me toll free - 866-239-6098.  Thank
     you.

5

6    62.    Thereafter, Defendant sent Plaintiff a collection letter (Exhibit "8") which is

7    a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

8    63.    A true and accurate copy of the collection letter from Defendant to Plaintiff

9    is attached hereto, marked Exhibit "8," and by this reference is incorporated herein.

10   64.    The collection letter (Exhibit "8") is dated January 16, 2007.

11   65.    Plaintiff received Defendant's collection letter (Exhibit "8") on or about

12   January 19, 2007.

13   66.    Each of Defendant's answering machine messages was a "communication"

14   in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15   67.    Defendant failed to disclose Defendant's identity and the nature of

16   Defendant's business each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6)

17   and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d

18   1104, 1112 & 1118 (C.D. Cal. 2005).

19   68.    Defendant failed to disclose that the answering machine messages were

20   communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).   See *Hosseinzadeh*

21   *v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005);   *Foti v. NCO Financial*

22   *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

23   69.    At approximately 6:33 p.m. on March 30, 2007, Defendant placed a telephone

24   call to the Plaintiff's telephone number, but did not leave a message on Plaintiff's answering

25   machine.  Said telephone call was placed by Defendant for the purpose of collecting the alleged

26   debts from Plaintiff.

27   70.    At approximately 9:33 a.m. on March 31, 2007, Defendant placed a telephone

28   call to the Plaintiff's telephone number, but did not leave a message on Plaintiff's answering

-9-

machine. Said telephone call was placed by Defendant for the purpose of collecting the alleged debts from Plaintiff.

71.    At approximately 11:18 a.m. on April 12, 2007, Defendant placed a telephone call to the Plaintiff's telephone number, but did not leave a message on Plaintiff's answering machine. Said telephone call was placed by Defendant for the purpose of collecting the alleged debts from Plaintiff.

72.    At approximately 7:55 p.m. on April 12, 2007, Defendant placed a telephone call to the Plaintiff's telephone number, but did not leave a message on Plaintiff's answering machine. Said telephone call was placed by Defendant for the purpose of collecting the alleged debts from Plaintiff.

73.    At approximately 4:22 p.m. on April 16, 2007, Defendant placed a telephone call to the Plaintiff's telephone number, but did not leave a message on Plaintiff's answering machine. Said telephone call was placed by Defendant for the purpose of collecting the alleged debts from Plaintiff.

74.    At approximately 7:23 p.m. on April 16, 2007, Defendant placed a telephone call to the Plaintiff's telephone number, but did not leave a message on Plaintiff's answering machine. Said telephone call was placed by Defendant for the purpose of collecting the alleged debts from Plaintiff.

75.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff.

76.    Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances.

77.    As a consequence of Defendant's collection activities and communications, Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered substantial emotional distress, humiliation and embarrassment.

78.    As a senior citizen subjected to Defendant's abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

/ / /

-10-

1

## VII.  CLAIMS

2

### FAIR DEBT COLLECTION PRACTICES ACT

3       79.     Plaintiff brings the first claim for relief against Defendant under the Federal

4  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

5       80.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

6  through 78 above.

7       81.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

8  1692a(3).

9       82.     Defendant, CBE, is a "debt collector" as that term is defined by the FDCPA,

10  15 U.S.C. § 1692a(6).

11       83.     The financial obligations allegedly owed by Plaintiff are each a "debt" as that

12  term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

13       84.     Defendant's answering machine messages described above violate the

14  FDCPA.  The violations include, but are not limited to, the following:

15               a.     Defendant caused Plaintiff's telephone to ring repeatedly or

16                      continuously with the intent to annoy, abuse or harass Plaintiff, in

17                      violation of 15 U.S.C. § 1692d(5);

18               b.     Defendant caused Plaintiff's telephone to ring with such frequency

19                      as to be unreasonable and constitute harassment to Plaintiff under the

20                      circumstances, in violation of 15 U.S.C. § 1692d(5);

21               c.     Defendant failed to disclose Defendant's identity and the nature of

22                      Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

23               d.     Defendant failed to disclose that the communications were from a

24                      debt collector, in violation of 15 U.S.C. § 1692e(11).

25       85.     Defendant has further violated the FDCPA in the following respects:

26               a.     Defendant continued to communicate with Plaintiff in an attempt to

27                      collect the alleged debts after receiving a written notification that

28                      Plaintiff refused to pay the debts being collected, in violation of 15

-11-

FIRST AMENDED COMPLAINT                                              Case No. C07-05165-JW-PVT

U.S.C. § 1692c(c);

        b.      Defendant attempted to collect the alleged debts by taking actions that could not lawfully be taken, in violation of 15 U.S.C. § 1692e(5); and

        c.      Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

86.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

87.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

88.     Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

89.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 87 above.

90.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

91.     Defendant, CBE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

92.     The financial obligations allegedly owed by Plaintiff are each a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

93.     Defendant's answering machine messages described above violate the RFDCPA.  The violations include, but are not limited to, the following:

        a.      Defendant caused Plaintiff's telephone to ring repeatedly or

-12-

1   continuously with the intent to annoy, abuse or harass Plaintiff, in

2   violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code

3   § 1788.17 and Cal. Civil Code § 1788.11(d);

4       b.    Defendant caused Plaintiff's telephone to ring with such frequency

5   as to be unreasonable and constitute harassment to Plaintiff under the

6   circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated

7   by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

8       c.    Defendant failed to disclose Defendant's identity and the nature of

9   Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

10  incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §

11  1788.11(b);

12      d.    Defendant failed to disclose that the communications were from a

13  debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

14  by Cal. Civil Code § 1788.17.

15  94.    Defendant has further violated the RFDCPA in the following respects:

16      a.    Defendant continued to communicate with Plaintiff in an attempt to

17  collect the alleged debts after receiving a written notification that

18  Plaintiff refused to pay the debts being collected, in violation of 15

19  U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17;

20      b.    Defendant attempted to collect the alleged debts by taking actions

21  that could not lawfully be taken, in violation of 15 U.S.C. § 1692e(5),

22  as incorporated by Cal. Civil Code § 1788.17; and

23      c.    Defendant continued its collection efforts against Plaintiff after

24  receiving a written notification within the thirty-day validation period

25  from Plaintiff disputing the debt being collected in its entirety

26  without first obtaining a verification of the debt and mailing a copy

27  of such verification to the Plaintiff, in violation of 15 U.S.C. §

28  1692g(b), as incorporated by Cal. Civil Code § 1788.17.

-13-

1    95.    Defendant's acts as described above were done willfully and knowingly with

2 the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

3 1788.30(b).

4    96.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

5 an award of her actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code

6 § 1788.30(a).

7    97.    As a result of Defendant's willful and knowing violations of the RFDCPA,

8 Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

9 ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

10    98.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

11 an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil

12 Code § 1788.17.

13    99.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

14 an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

15 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

16    100.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

17 RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

18 that the Plaintiff may have under any other provision of law.

19    **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

20    101.    Plaintiff brings the third claim for relief against Defendant for common law

21 Invasion of Privacy by Intrusion Upon Seclusion.

22    102.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

23 through 100 above.

24    103.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and

25 private concerns or affairs while in her home.

26    104.    Defendant intentionally intruded into Plaintiff's home by using an automated

27 device which repeatedly caused Plaintiff's telephone to ring.

28    105.    These intrusions and invasions by Defendant occurred in a way that would

-14-

FIRST AMENDED COMPLAINT                                    Case No. C07-05165-JW-PVT

1    be highly offensive to a reasonable person in Plaintiff's position.

2         106.    Defendant intentionally caused harm to Plaintiff's emotional well being by

3    engaging in highly offensive conduct in the course of collecting the alleged debt thereby invading

4    and intruding upon Plaintiff's right to privacy, solitude and seclusion.

5         107.    Defendant's conduct was a substantial factor in causing Plaintiff's harm.

6         108.    Plaintiff has been harmed by Defendant's invasion of privacy and has been

7    damaged as a result of the invasion of privacy by Defendant, including but not limited to: substantial

8    emotional distress, loss of sleep, loss of enjoyment of life, humiliation, stress, crying, lack of

9    concentration, anxiety and embarrassment by such invasions of her privacy by Defendant.

10        109.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages

11   and punitive damages in an amount to be determined at trial.

12                          **NEGLIGENT COLLECTION**

13        110.    Plaintiff brings the fourth claim for relief against Defendant for common law

14   negligence.

15        111.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

16   through 109 above.

17        112.    Defendant had a legal duty to conform its collection activities to the standard

18   of conduct set forth in the FDCPA and RFDCPA to protect consumers like the Plaintiff.

19        113.    Defendant failed to conform its collection activities to this standard of

20   conduct.

21        114.    Defendant's failure to conform its collection activities to the standards set

22   forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to

23   Plaintiff.

24        115.    Plaintiff was damaged by Defendant's unlawful collection activities.

25        116.    As a result of such negligent collection, Plaintiff is entitled to actual damages

26   and punitive damages in an amount to be determined at trial.

27                              **TORT-IN-SE**

28        117.    Plaintiff brings the fifth claim for relief against Defendant for common law

-15-

1    tort-in-se.

2         118.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

3    through 116 above.

4         119.    Defendant violated a statutory duty to Plaintiff and is thereby liable under the

5    doctrine of "tort-in-se."

6         120.    Defendant engaged in an unlawful course of conduct in violation of the

7    FDCPA and RFDCPA.

8         121.    Plaintiff was damaged by Defendant's breach of its statutory duties.

9         122.    As a result of such statutory breach, Plaintiff is entitled to actual damages and

10   punitive damages in an amount to be determined at trial.

11                            **PUNITIVE DAMAGES**

12        123.    Plaintiff is informed and believes, and thereon alleges that Defendant's

13   conduct was fraudulent, malicious, despicable and oppressive and was intended to harm Plaintiff.

14        124.    Plaintiff is informed and believes, and thereon alleges that an officer, director

15   or managing agent of the Defendant authorized, approved and ratified Defendant's wrongful and

16   unlawful acts described herein.

17        125.    Defendant is liable for reasonable punitive damages in an amount sufficient

18   to punish and educate Defendant and to educate other businesses engaged in similar activities that

19   the courts and juries of California will not tolerate such conduct in California.

20                       **VIII.  REQUEST FOR RELIEF**

21        Plaintiff requests that this Court:

22   a.    Assume jurisdiction in this proceeding;

23   b.    Declare that Defendant's answering machine messages violated the Fair Debt

24         Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

25   c.    Declare that Defendant's answering machine messages violated the Rosenthal Fair

26         Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d),

27         1788.11(e) and 1788.17;

28   d.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

-16-

1    1692c(c), 1692e(5) and 1692g(b);

2    e.    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act,

3          Cal. Civil Code § 1788.17;

4    f.    Award Plaintiff her actual damages in an amount to be determined at trial, pursuant

5          to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

6    g.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to

7          15 U.S.C. § 1692k(a)(2)(A);

8    h.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

9          $1,000 pursuant to Cal. Civil Code § 1788.30(b);

10   i.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

11         15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

12   j.    Award Plaintiff her actual damages and punitive damages in an amount to be

13         determined at trial for Defendant's invasions of Plaintiff's privacy;

14   k.    Award Plaintiff her actual damages and punitive damages in an amount to be

15         determined at trial for Defendant's negligent collection practices;

16   l.    Award Plaintiff her actual damages and punitive damages in an amount to be

17         determined at trial under the doctrine of "tort-in-se."

18   m.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

19         U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

20   n.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

21   o.    Award Plaintiff such other and further relief as may be just and proper.

22

23                                 CONSUMER LAW CENTER, INC.

24

25   By: /s/ Fred W. Schwinn
         Fred W. Schwinn, Esq.
         Attorney for Plaintiff
26       EVELINE HENRIETTE
         ROSENBERRY
27

28

-17-

FIRST AMENDED COMPLAINT                              Case No. C07-05165-JW-PVT

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2
3

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

4

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

5

6

## DEMAND FOR JURY TRIAL

7
8

PLEASE TAKE NOTICE that Plaintiff, EVELINE HENRIETTE ROSENBERRY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

9

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-