1  RICHARD M. WILLIAMS (SBN 68032)
   rwilliams@RMKB.com
2  J. MARK THACKER (SBN 157182)
   jthacker@RMKB.com
3  ROPERS, MAJESKI, KOHN & BENTLEY
   80 North First Street
4  San Jose, CA 95113
   Telephone:   (408) 287-6262
5  Facsimile:   (408) 918-4501

6  Attorneys for Defendant
   THE CBE GROUP, INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  EVELINE HENRIETTE              CASE NO.  C07-05165-JW-PVT
    ROSENBERRY,
13                                 **ANSWER TO FIRST AMENDED
                   Plaintiff,      COMPLAINT**
14
    v.                             **JURY TRIAL DEMANDED**
15
    THE CBE GROUP, INC., an Iowa
16  corporation,

17                 Defendant.

18

19

20        Defendant THE CBE GROUP, INC., ("CBE GROUP") in answer to the First

21  Amended Complaint of plaintiff EVELINE HENRIETTE ROSENBERRY on file herein and

22  to each and every cause of action contained therein, admits, denies and alleges as follows.

23        1.    Answering the allegations contained in paragraph 1 of the First Amended

24  Complaint, defendant admits that this action purports to arise under the Fair Debt Collection

25  Practices Act, 15 USC § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act,

26  California Civil Code §§ 1788 et seq., but denies plaintiff has any valid claim against it

27  thereunder, and further denies the remaining allegations contained in paragraph 1.

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Jose*

RC1/5038544.1/DB

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO.  C07-05165-JW-PVT

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    2.    Answering the allegations contained in paragraph 2 of the First Amended

2    Complaint, the congressional findings and declaration of purpose as set forth in 15 USC §

3    1692 are self-explanatory, and further denies that plaintiff has any valid claim against it

4    thereunder.

5    3.    Answering the allegations contained in paragraph 3 of the First Amended

6    Complaint, defendant admits that jurisdiction of this court is invoked under 15 USC §

7    1692k(d), 28 USC § 1337, 28 USC § 1367, and 28 USC §§ 2201 and 2202.  As to the

8    remaining allegations, defendant lacks information and belief sufficient to admit or deny and

9    on that basis denies each and every remaining allegation contained in paragraph 3.

10    4.    Answering the allegations contained in paragraph 4 of the First Amended

11    Complaint, defendant admits that this is an action under the Fair Debt Collection Practices

12    Act, 15 USC § 1692 et seq., but denies that plaintiff has any valid claim against it thereunder.

13    5.    Answering the allegations contained in paragraph 5 of the First Amended

14    Complaint, defendant admits that venue in this judicial district is invoked under 28 USC §

15    1391 (b) and 15 USC § 1692k(d).  As to the remaining allegations, defendant lacks

16    information and belief sufficient to admit or deny and on that basis denies each and every

17    remaining allegation contained in paragraph 5.

18    6.    Answering the allegations contained in paragraph 6 of the First Amended

19    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

20    basis denies each and every allegation contained in paragraph 6.

21    7.    Answering the allegations contained in paragraph 7 of the First Amended

22    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

23    basis denies each and every allegation contained in paragraph 7.

24    8.    Answering the allegations contained in paragraph 8 of the First Amended

25    Complaint, defendant admits that it is an Iowa corporation engaged in the business of

26    collecting debts in the State of California, and has its principal place of business at 131 Tower

27    Park, Suite 100, Waterloo, Iowa, 50701-9374.  Defendant further admits that its principal

28    business is the collection of debts and in the performance of such operations, uses the mails

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    and telephone.  Defendant further admits that it has at times acted as a "debt collector" within

2    the meaning of 15 USC § 1692a(6), and California Civil Code § 1788.2 (c).  Defendant

3    denies each and every remaining allegation contained in paragraph 8.

4         9.    Answering the allegations contained in paragraph 9 of the First Amended

5    Complaint, defendant lacks information and belief sufficient to admit or deny them and on

6    that basis denies each and every allegation contained in paragraph 9.

7         10.    Answering the allegations contained in paragraph 10 of the First Amended

8    Complaint, defendant admits that the alleged debts were assigned to defendant for collection

9    from plaintiff.  As to the remaining allegations, defendant denies each and every allegation.

10        11.    Answering the allegations contained in paragraph 11 of the First Amended

11   Complaint, defendant admits that it sent a letter to plaintiff, a copy of which is attached as

12   Exhibit "1" to the First Amended Complaint.  As to the remaining allegations of paragraph

13   11, defendant lacks information and belief sufficient to admit or deny, and on that basis

14   denies each and every remaining allegation contained in paragraph 11.

15        12.    Answering the allegations contained in paragraph 12 of the First Amended

16   Complaint, defendant admits the allegations of paragraph 12 of the First Amended Complaint.

17        13.    Answering the allegations contained in paragraph 13 of the First Amended

18   Complaint, defendant admits the allegations of paragraph 13 of the First Amended Complaint.

19        14.    Answering the allegations contained in paragraph 14 of the First Amended

20   Complaint, defendant admits the allegations of paragraph 14 of the First Amended Complaint.

21        15.    Answering the allegations contained in paragraph 15 of the First Amended

22   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

23   basis denies each and every allegation contained in paragraph 15.

24        16.    Answering the allegations contained in paragraph 16 of the First Amended

25   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

26   basis denies each and every allegation contained in paragraph 16.

27        17.    Answering the allegations contained in paragraph 17 of the First Amended

28   Complaint, defendant admits that on or about November 6, 2006, a letter was received

1  indicating that it was from plaintiff, a copy of which appears to be attached as Exhibit "2" to

2  the First Amended Complaint.  As to the remaining allegations of paragraph 17, defendant

3  lacks information and belief sufficient to admit or deny said allegations, and on that basis

4  denies each and every remaining allegation contained in paragraph 17.

5    18.    Answering the allegations contained in paragraph 18 of the First Amended

6  Complaint, defendant lacks information and belief sufficient to admit or deny and on that

7  basis denies each and every allegation contained in paragraph 18.

8    19.    Answering the allegations contained in paragraph 19 of the First Amended

9  Complaint, defendant admits that it sent a letter to plaintiff, a copy of which is attached as

10  Exhibit "4" to the First Amended Complaint.  As to the remaining allegations of paragraph

11  19, defendant lacks information and belief sufficient to admit or deny, and on that basis

12  denies each and every remaining allegation contained in paragraph 19.

13    20.    Answering the allegations contained in paragraph 20 of the First Amended

14  Complaint, defendant admits the allegations of paragraph 20 of the First Amended Complaint.

15    21.    Answering the allegations contained in paragraph 21 of the First Amended

16  Complaint, defendant admits the allegations of paragraph 21 of the First Amended Complaint

17    22.    Answering the allegations contained in paragraph 22 of the First Amended

18  Complaint, defendant admits the allegations of paragraph 22 of the First Amended Complaint

19    23.    Answering the allegations contained in paragraph 23 of the First Amended

20  Complaint, defendant admits that its representatives made telephone calls to what was

21  believed to be plaintiff's residence.  As to the remaining allegations of paragraph 23,

22  defendant lacks information and belief sufficient to admit or deny, and on that basis, denies

23  each and every remaining allegation contained in paragraph 23.

24    24.    Answering the allegations contained in paragraph 24 of the First Amended

25  Complaint, defendant denies each and every allegation contained in paragraph 24 of the First

26  Amended Complaint.

27    25.    Answering the allegations contained in paragraph 25 of the First Amended

28  Complaint, defendant admits that on or about November 17, 2006, a representative of

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    defendant left a message on what was believed to be plaintiff's residence answering machine.

2    As to the remaining allegations of paragraph 25, defendant lacks information and belief

3    sufficient to admit or deny such allegations, and on that basis denies each and every

4    remaining allegation contained in paragraph 25.

5         26.    Answering the allegations contained in paragraph 26 of the First Amended

6    Complaint, defendant admits that on or about November 18, 2006, a message was left on

7    what was believed to be plaintiff's residence answering machine.  As to the remaining

8    allegations of paragraph 26, defendant lacks information and belief sufficient to admit or deny

9    such allegations, and on that basis denies each and every remaining allegation contained in

10   paragraph 26.

11        27.    Answering the allegations contained in paragraph 27 of the First Amended

12   Complaint, defendant admits that on or about November 20, 2006, a message was left on

13   what was believed to be plaintiff's residence answering machine.  As to the remaining

14   allegations of paragraph 27, defendant lacks information and belief sufficient to admit or deny

15   such allegations, and on that basis denies each and every remaining allegation contained in

16   paragraph 27.

17        28.    Answering the allegations contained in paragraph 28 of the First Amended

18   Complaint, defendant admits that on or about November 20, 2006, a message was left on

19   what was believed to be plaintiff's residence answering machine.  As to the remaining

20   allegations of paragraph 28, defendant lacks information and belief sufficient to admit or deny

21   such allegations, and on that basis denies each and every remaining allegation contained in

22   paragraph 28.

23        29.    Answering the allegations contained in paragraph 29 of the First Amended

24   Complaint, defendant admits that it sent a letter to plaintiff, a copy of which is attached as

25   Exhibit "5" to the First Amended Complaint.  As to the remaining allegation of paragraph 29,

26   defendant lacks information and belief sufficient to admit or deny, and on that basis denies

27   each and every remaining allegation contained in paragraph 29.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    30.    Answering the allegations contained in paragraph 30 of the First Amended

2    Complaint, defendant admits the allegations of paragraph 30 of the First Amended Complaint.

3    31.    Answering the allegations contained in paragraph 31 of the First Amended

4    Complaint, defendant admits the allegations of paragraph 31 of the First Amended Complaint.

5    32.    Answering the allegations contained in paragraph 32 of the First Amended

6    Complaint, defendant admits that on or about November 21, 2006, a message was left on

7    what was believed to be plaintiff's residence answering machine.  As to the remaining

8    allegations of paragraph 32, defendant lacks information and belief sufficient to admit or deny

9    such allegations, and on that basis denies each and every remaining allegation contained in

10   paragraph 32.

11   33.    Answering the allegations contained in paragraph 33 of the First Amended

12   Complaint, defendant admits that on or about November 21, 2006, a message was left on

13   what was believed to be plaintiff's residence answering machine.  As to the remaining

14   allegations of paragraph 33, defendant lacks information and belief sufficient to admit or deny

15   such allegations, and on that basis denies each and every remaining allegation contained in

16   paragraph 33.

17   34.    Answering the allegations contained in paragraph 34 of the First Amended

18   Complaint, defendant admits that on or about November 22, 2006, a representative of

19   defendant left a message on what was believed to be plaintiff's residence answering machine.

20   As to the remaining allegations of paragraph 34, defendant lacks information and belief

21   sufficient to admit or deny such allegations, and on that basis denies each and every

22   remaining allegation contained in paragraph 34.

23   35.    Answering the allegations contained in paragraph 35 of the First Amended

24   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

25   basis denies each and every allegation contained in paragraph 35.

26   36.    Answering the allegations contained in paragraph 36 of the First Amended

27   Complaint, defendant admits that on or about November 24, 2006, a representative of

28   defendant left a message on what was believed to be plaintiff's residence answering machine.

1   As to the remaining allegations of paragraph 36, defendant lacks information and belief

2   sufficient to admit or deny such allegations, and on that basis denies each and every

3   remaining allegation contained in paragraph 36.

4       37.    Answering the allegations contained in paragraph 37 of the First Amended

5   Complaint, defendant admits that on or about November 27, 2006, a message was left on

6   what was believed to be plaintiff's residence answering machine. As to the remaining

7   allegations of paragraph 37, defendant lacks information and belief sufficient to admit or deny

8   such allegations, and on that basis denies each and every remaining allegation contained in

9   paragraph 37.

10      38.    Answering the allegations contained in paragraph 38 of the First Amended

11  Complaint, defendant admits that on or about November 27, 2006, a message was left on

12  what was believed to be plaintiff's residence answering machine. As to the remaining

13  allegations of paragraph 38, defendant lacks information and belief sufficient to admit or deny

14  such allegations, and on that basis denies each and every remaining allegation contained in

15  paragraph 38.

16      39.    Answering the allegations contained in paragraph 39 of the First Amended

17  Complaint, defendant admits that on or about November 29, 2006, a message was left on

18  what was believed to be plaintiff's residence answering machine. As to the remaining

19  allegations of paragraph 39, defendant lacks information and belief sufficient to admit or deny

20  such allegations, and on that basis denies each and every remaining allegation contained in

21  paragraph 39.

22      40.    Answering the allegations contained in paragraph 40 of the First Amended

23  Complaint, defendant admits that on or about November 29, 2006, a message was left on

24  what was believed to be plaintiff's residence answering machine. As to the remaining

25  allegations of paragraph 40, defendant lacks information and belief sufficient to admit or deny

26  such allegations, and on that basis denies each and every remaining allegation contained in

27  paragraph 40.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    41.    Answering the allegations contained in paragraph 41 of the First Amended

2  Complaint, defendant admits that on or about November 29, 2006, a message was left on

3  what was believed to be plaintiff's residence answering machine.  As to the remaining

4  allegations of paragraph 41, defendant lacks information and belief sufficient to admit or deny

5  such allegations, and on that basis denies each and every remaining allegation contained in

6  paragraph 41.

7    42.    Answering the allegations contained in paragraph 42 of the First Amended

8  Complaint, defendant admits that on or about November 30, 2006, a message was left on

9  what was believed to be plaintiff's residence answering machine.  As to the remaining

10  allegations of paragraph 42, defendant lacks information and belief sufficient to admit or deny

11  such allegations, and on that basis denies each and every remaining allegation contained in

12  paragraph 42.

13    43.    Answering the allegations contained in paragraph 43 of the First Amended

14  Complaint, defendant admits that on or about November 30, 2006, a message was left on

15  what was believed to be plaintiff's residence answering machine.  As to the remaining

16  allegations of paragraph 43, defendant lacks information and belief sufficient to admit or deny

17  such allegations, and on that basis denies each and every remaining allegation contained in

18  paragraph 43.

19    44.    Answering the allegations contained in paragraph 44 of the First Amended

20  Complaint, defendant lacks information and belief sufficient to admit or deny and on that

21  basis denies each and every allegation contained in paragraph 44.

22    45.    Answering the allegations contained in paragraph 45 of the First Amended

23  Complaint, defendant lacks information and belief sufficient to admit or deny and on that

24  basis denies each and every allegation contained in paragraph 45.

25    46.    Answering the allegations contained in paragraph 46 of the First Amended

26  Complaint, defendant admits that on or about December 1, 2006, a representative of

27  defendant left a message on what was believed to be plaintiff's residence answering machine.

28  As to the remaining allegations of paragraph 46, defendant lacks information and belief

1    sufficient to admit or deny such allegations, and on that basis denies each and every

2    remaining allegation contained in paragraph 46.

3          47.     Answering the allegations contained in paragraph 47 of the First Amended

4    Complaint, defendant admits that on or about December 2, 2006, a message was left on what

5    was believed to be plaintiff's residence answering machine.  As to the remaining allegations

6    of paragraph 47, defendant lacks information and belief sufficient to admit or deny such

7    allegations, and on that basis denies each and every remaining allegation contained in

8    paragraph 47.

9          48.     Answering the allegations contained in paragraph 48 of the First Amended

10   Complaint, defendant admits that on or about December 4, 2006, a message was left on what

11   was believed to be plaintiff's residence answering machine.  As to the remaining allegations

12   of paragraph 48, defendant lacks information and belief sufficient to admit or deny such

13   allegations, and on that basis denies each and every remaining allegation contained in

14   paragraph 48.

15         49.     Answering the allegations contained in paragraph 49 of the First Amended

16   Complaint, defendant admits that on or about December 5, 2006, a letter was received

17   indicating that it was from plaintiff, a copy of which appears to be attached as Exhibit "6" to

18   the First Amended Complaint.  As to the remaining allegations of paragraph 49, defendant

19   lacks information and belief sufficient to admit or deny said allegations, and on that basis

20   denies each and every remaining allegation contained in paragraph 49.

21         50.     Answering the allegations contained in paragraph 50 of the First Amended

22   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

23   basis denies each and every allegation contained in paragraph 50.

24         51.     Answering the allegations contained in paragraph 51 of the First Amended

25   Complaint, defendant admits that on or about December 12, 2006, a message was left on what

26   was believed to be plaintiff's residence answering machine.  As to the remaining allegations

27   of paragraph 51, defendant lacks information and belief sufficient to admit or deny such

28   allegations, and on that basis denies each and every remaining allegation contained in

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCI/5038544.1/DB                          - 9 -          ANSWER TO FIRST AMENDED COMPLAINT
                                                         CASE NO. C07-05165-JW-PVT

1   paragraph 51.

2       52.     Answering the allegations contained in paragraph 52 of the First Amended

3   Complaint, defendant admits that on or about December 13, 2006, a message was left on what

4   was believed to be plaintiff's residence answering machine.  As to the remaining allegations

5   of paragraph 52, defendant lacks information and belief sufficient to admit or deny such

6   allegations, and on that basis denies each and every remaining allegation contained in

7   paragraph 52.

8       53.     Answering the allegations contained in paragraph 53 of the First Amended

9   Complaint, defendant admits that on or about December 14, 2006, a message was left on what

10  was believed to be plaintiff's residence answering machine.  As to the remaining allegations

11  of paragraph 53, defendant lacks information and belief sufficient to admit or deny such

12  allegations, and on that basis denies each and every remaining allegation contained in

13  paragraph 53.

14      54.     Answering the allegations contained in paragraph 54 of the First Amended

15  Complaint, defendant admits that on or about December 18, 2006, a message was left on what

16  was believed to be plaintiff's residence answering machine.  As to the remaining allegations

17  of paragraph 54, defendant lacks information and belief sufficient to admit or deny such

18  allegations, and on that basis denies each and every remaining allegation contained in

19  paragraph 54.

20      55.     Answering the allegations contained in paragraph 55 of the First Amended

21  Complaint, defendant admits that on or about December 19, 2006, a message was left on what

22  was believed to be plaintiff's residence answering machine.  As to the remaining allegations

23  of paragraph 55, defendant lacks information and belief sufficient to admit or deny such

24  allegations, and on that basis denies each and every remaining allegation contained in

25  paragraph 55.

26      56.     Answering the allegations contained in paragraph 56 of the First Amended

27  Complaint, defendant admits that on or about December 20, 2006, a representative of

28  defendant left a message on what was believed to be plaintiff's residence answering machine.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   As to the remaining allegations of paragraph 56, defendant lacks information and belief

2   sufficient to admit or deny such allegations, and on that basis denies each and every

3   remaining allegation contained in paragraph 56.

4       57.    Answering the allegations contained in paragraph 57 of the First Amended

5   Complaint, defendant admits that on or about December 21, 2006, a message was left on what

6   was believed to be plaintiff's residence answering machine.  As to the remaining allegations

7   of paragraph 57, defendant lacks information and belief sufficient to admit or deny such

8   allegations, and on that basis denies each and every remaining allegation contained in

9   paragraph 57.

10      58.    Answering the allegations contained in paragraph 58 of the First Amended

11  Complaint, defendant admits that on or about December 21, 2006, a message was left on what

12  was believed to be plaintiff's residence answering machine.  As to the remaining allegations

13  of paragraph 58, defendant lacks information and belief sufficient to admit or deny such

14  allegations, and on that basis denies each and every remaining allegation contained in

15  paragraph 58.

16      59.    Answering the allegations contained in paragraph 59 of the First Amended

17  Complaint, defendant lacks information and belief sufficient to admit or deny and on that

18  basis denies each and every allegation contained in paragraph 59.

19      60.    Answering the allegations contained in paragraph 60 of the First Amended

20  Complaint, defendant admits that on or about December 27, 2006, a representative of

21  defendant left a message on what was believed to be plaintiff's residence answering machine.

22  As to the remaining allegations of paragraph 60, defendant lacks information and belief

23  sufficient to admit or deny such allegations, and on that basis denies each and every

24  remaining allegation contained in paragraph 60.

25      61.    Answering the allegations contained in paragraph 61 of the First Amended

26  Complaint, defendant admits that on or about December 28, 2006, a representative of

27  defendant left a message on what was believed to be plaintiff's residence answering machine.

28  As to the remaining allegations of paragraph 61, defendant lacks information and belief

1    sufficient to admit or deny such allegations, and on that basis denies each and every

2    remaining allegation contained in paragraph 61.

3        62.    Answering the allegations contained in paragraph 62 of the First Amended

4    Complaint, defendant admits that it sent a letter to plaintiff, a copy of which is attached as

5    Exhibit "8" to the First Amended Complaint.  As to the remaining allegations of paragraph

6    62, defendant lacks information and belief sufficient to admit or deny, and on that basis

7    denies each and every remaining allegation contained in paragraph 62.

8        63.    Answering the allegations contained in paragraph 63 of the First Amended

9    Complaint, defendant admits the allegations of paragraph 63 of the First Amended Complaint.

10        64.    Answering the allegations contained in paragraph 64 of the First Amended

11    Complaint, defendant admits the allegations of paragraph 64 of the First Amended Complaint.

12        65.    Answering the allegations contained in paragraph 65 of the First Amended

13    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

14    basis denies each and every allegation contained in paragraph 65.

15        66.    Answering the allegations contained in paragraph 66 of the First Amended

16    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

17    basis denies each and every allegation contained in paragraph 66.

18        67.    Answering the allegations contained in paragraph 67 of the First Amended

19    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

20    basis denies each and every allegation contained in paragraph 67.

21        68.    Answering the allegations contained in paragraph 68 of the First Amended

22    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

23    basis denies each and every allegation contained in paragraph 68.

24        69.    Answering the allegations contained in paragraph 69 of the First Amended

25    Complaint, defendant admits the allegations of paragraph 69 of the First Amended Complaint.

26        70.    Answering the allegations contained in paragraph 70 of the First Amended

27    Complaint, defendant admits the allegations of paragraph 70 of the First Amended Complaint.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

71.     Answering the allegations contained in paragraph 71 of the First Amended Complaint, defendant admits the allegations of paragraph 71 of the First Amended Complaint.

72.     Answering the allegations contained in paragraph 72 of the First Amended Complaint, defendant admits the allegations of paragraph 72 of the First Amended Complaint.

73.     Answering the allegations contained in paragraph 73 of the First Amended Complaint, defendant admits the allegations of paragraph 73 of the First Amended Complaint.

74.     Answering the allegations contained in paragraph 74 of the First Amended Complaint, defendant admits the allegations of paragraph 74 of the First Amended Complaint.

75.     Answering the allegations contained in paragraph 75 of the First Amended Complaint, defendant denies each and every allegation contained in paragraph 75 of the First Amended Complaint.

76.     Answering the allegations contained in paragraph 76 of the First Amended Complaint, defendant denies each and every allegation contained in paragraph 76 of the First Amended Complaint.

77.     Answering the allegations contained in paragraph 77 of the First Amended Complaint, defendant denies each and every allegation contained in paragraph 77 of the First Amended Complaint.

78.     Answering the allegations contained in paragraph 78 of the First Amended Complaint, defendant denies each and every allegation contained in paragraph 78 of the First Amended Complaint.

79.     Answering the allegations contained in paragraph 79 of the First Amended Complaint, defendant admits that plaintiff has purportedly brought this action pursuant to the Federal Fair Debt Collection Practices Act, but denies that plaintiff has any valid claim against it thereunder. As to the remaining allegations of such paragraph, defendant lacks information and belief sufficient to admit or deny said allegations, and on that basis, denies each and every remaining allegation in said paragraph.

80.     Answering the allegations contained in paragraph 80 of the First Amended Complaint, defendant repeats, realleges and incorporates by reference paragraphs 1 through

1    78 of this answer.

2        81.    Answering the allegations contained in paragraph 81 of the First Amended

3    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

4    basis denies each and every allegation contained in paragraph 81.

5        82.    Answering the allegations contained in paragraph 82 of the First Amended

6    Complaint, defendant admits that it has at times acted as a "debt collector" within the

7    meaning of 15 U.S.C. § 1692a(6).  As to the remaining allegations, defendant denies such

8    allegations.

9        83.    Answering the allegations contained in paragraph 83 of the First Amended

10   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

11   basis denies each and every allegation contained in paragraph 83.

12       84.    Answering the allegations contained in paragraph 84 of the First Amended

13   Complaint, defendant denies each and every allegation contained in paragraph 84 (a) and (b).

14   As to the remaining allegations of paragraph 84, defendant lacks information and belief to

15   admit or deny such allegations, and on that basis denies each and every remaining allegation

16   contained in paragraph 84.

17       85.    Answering the allegations contained in paragraph 85 of the First Amended

18   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

19   basis denies each and every allegation contained in paragraph 85.

20       86.    Answering the allegations contained in paragraph 86 of the First Amended

21   Complaint, defendant denies each and every allegation contained in said paragraph.

22       87.    Answering the allegations contained in paragraph 87 of the First Amended

23   Complaint, defendant denies each and every allegation contained in said paragraph.

24       88.    Answering the allegations contained in paragraph 88 of the First Amended

25   Complaint, defendant admits that plaintiff has purportedly brought this action pursuant to the

26   Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 through

27   1788.33, but denies that plaintiff has any valid claim against it thereunder.  As to the

28   remaining allegations of such paragraph, defendant lacks information and belief sufficient to

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   admit or deny said allegations, and on that basis, denies each and every remaining allegation

2   in said paragraph.

3       89.     Answering the allegations contained in paragraph 89 of the First Amended

4   Complaint, defendant repeats, realleges and incorporates by reference paragraph 1 through 87

5   of this answer.

6       90.     Answering the allegations contained in paragraph 90 of the First Amended

7   Complaint, defendant lacks information and belief sufficient to admit or deny and on that

8   basis denies each and every allegation contained in paragraph 90.

9       91.     Answering the allegations contained in paragraph 91 of the First Amended

10  Complaint, defendant admits that it has at times acted as a "debt collector" within the

11  meaning of California Civil Code section 1788.2(c).  As to the remaining allegations,

12  defendant denies such allegations.

13      92.     Answering the allegations contained in paragraph 92 of the First Amended

14  Complaint, defendant lacks information and belief sufficient to admit or deny and on that

15  basis denies each and every allegation contained in paragraph 92.

16      93.     Answering the allegations contained in paragraph 93 of the First Amended

17  Complaint, defendant denies each and every allegation contained in paragraph 93 (a) and (b).

18  As to the remaining allegations of paragraph 93, defendant lacks information and belief to

19  admit or deny such allegations, and on that basis denies each and every remaining allegation

20  contained in paragraph 93.

21      94.     Answering the allegations contained in paragraph 94 of the First Amended

22  Complaint, defendant lacks information and belief sufficient to admit or deny and on that

23  basis denies each and every allegation contained in paragraph 94.

24      95.     Answering the allegations contained in paragraph 95 of the First Amended

25  Complaint, defendant denies each and every allegation contained in said paragraph.

26      96.     Answering the allegations contained in paragraph 96 of the First Amended

27  Complaint, defendant denies each and every allegation contained in said paragraph.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    97.    Answering the allegations contained in paragraph 97 of the First Amended

2    Complaint, defendant denies each and every allegation contained in said paragraph.

3    98.    Answering the allegations contained in paragraph 98 of the First Amended

4    Complaint, defendant denies each and every allegation contained in said paragraph.

5    99.    Answering the allegations contained in paragraph 99 of the First Amended

6    Complaint, defendant denies each and every allegation contained in said paragraph.

7    100.    Answering the allegations contained in paragraph 100 of the First Amended

8    Complaint, the provisions of California Civil Code § 1788.32 are self-explanatory.  However,

9    defendant denies that plaintiff has any valid claim against it under such statute, and further

10    denies the remaining allegations contained in paragraph 100.

11    101.    Answering the allegations contained in paragraph 101 of the First Amended

12    Complaint, defendant admits that plaintiff has purportedly brought a claim for relief against

13    defendant for invasion of privacy, but denies that plaintiff has any valid claim against it

14    thereunder.  As to the remaining allegations of paragraph 101, defendant lacks information

15    and belief sufficient to admit or deny said allegations, and on that basis denies each and every

16    remaining allegation contained in said paragraph.

17    102.    Answering the allegations contained in paragraph 102 of the First Amended

18    Complaint, defendant repeats, realleges and incorporates by reference paragraph 1 through

19    100 of this answer.

20    103.    Answering the allegations contained in paragraph 103 of the First Amended

21    Complaint, defendant lacks information and belief sufficient to admit or deny and on that

22    basis denies each and every allegation contained in paragraph 103.

23    104.    Answering the allegations contained in paragraph 104 of the First Amended

24    Complaint, defendant denies each and every allegation contained in said paragraph.

25    105.    Answering the allegations contained in paragraph 105 of the First Amended

26    Complaint, defendant denies each and every allegation contained in said paragraph.

27    106.    Answering the allegations contained in paragraph 106 of the First Amended

28    Complaint, defendant denies each and every allegation contained in said paragraph.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

107.    Answering the allegations contained in paragraph 107 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

108.    Answering the allegations contained in paragraph 108 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

109.    Answering the allegations contained in paragraph 109 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

110.    Answering the allegations contained in paragraph 110 of the First Amended Complaint, defendant admits that plaintiff has purportedly brought a claim for relief against defendant for negligence, but denies that plaintiff has any valid claim against it thereunder. As to the remaining allegations of paragraph 110, defendant lacks information and belief sufficient to admit or deny said allegations, and on that basis denies each and every remaining allegation contained in said paragraph.

111.    Answering the allegations contained in paragraph 111 of the First Amended Complaint, defendant repeats, realleges and incorporates by reference paragraph 1 through 109 of this answer.

112.    Answering the allegations contained in paragraph 112 of the First Amended Complaint, defendant lacks information and belief sufficient to admit or deny and on that basis denies each and every allegation contained in paragraph 112.

113.    Answering the allegations contained in paragraph 113 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

114.    Answering the allegations contained in paragraph 114 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

115.    Answering the allegations contained in paragraph 115 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

116.    Answering the allegations contained in paragraph 116 of the First Amended Complaint, defendant denies each and every allegation contained in said paragraph.

117.    Answering the allegations contained in paragraph 101 of the First Amended Complaint, defendant admits that plaintiff has purportedly brought a claim for relief against

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    defendant for "tort-in-se", but denies that plaintiff has any valid claim against it thereunder.

2    As to the remaining allegations of paragraph 117, defendant lacks information and belief

3    sufficient to admit or deny said allegations, and on that basis denies each and every remaining

4    allegation contained in said paragraph.

5        118.    Answering the allegations contained in paragraph 118 of the First Amended

6    Complaint, defendant repeats, realleges and incorporates by reference paragraph 1 through

7    116 of this answer.

8        119.    Answering the allegations contained in paragraph 119 of the First Amended

9    Complaint, defendant denies each and every allegation contained in said paragraph.

10        120.    Answering the allegations contained in paragraph 120 of the First Amended

11    Complaint, defendant denies each and every allegation contained in said paragraph.

12        121.    Answering the allegations contained in paragraph 121 of the First Amended

13    Complaint, defendant denies each and every allegation contained in said paragraph.

14        122.    Answering the allegations contained in paragraph 122 of the First Amended

15    Complaint, defendant denies each and every allegation contained in said paragraph.

16        123.    Answering the allegations contained in paragraph 123 of the First Amended

17    Complaint, defendant denies each and every allegation contained in said paragraph.

18        124.    Answering the allegations contained in paragraph 124 of the First Amended

19    Complaint, defendant denies each and every allegation contained in said paragraph.

20        125.    Answering the allegations contained in paragraph 125 of the First Amended

21    Complaint, defendant denies each and every allegation contained in said paragraph.

22        As to plaintiff's requests for relief, defendant denies that plaintiff is entitled to any

23    relief whatsoever under her first amended complaint.

## AFFIRMATIVE DEFENSES

25        126.    In addition to the foregoing denials, admissions and allegations, and without

26    admission as to burden of proof, defendant asserts the following affirmative defenses.

27        127.    AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

28    AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    ACTION CONTAINED THEREIN, this answering defendant alleges that said plaintiff fails

2    to state facts sufficient to constitute a cause of action against this answering defendant.

3        128.    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

4    FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

5    OF ACTION CONTAINED THEREIN, this answering defendant alleges that any acts or

6    omissions attributable to defendant as alleged in the First Amended Complaint were

7    unintentional and resulted from a bona fide error notwithstanding the maintenance of

8    procedures reasonably adapted to avoid any such error, pursuant to 15 USC § 1692k(c).

9        129.    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

10   AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

11   ACTION CONTAINED THEREIN, this answering defendant alleges that any acts or

12   omissions attributed to defendant were performed in good faith in conformity with advisory

13   opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

14       130.    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

15   FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

16   OF ACTION CONTAINED THEREIN, this answering defendant alleges that to the extent

17   any violation of law occurred, which defendant expressly denies, said violation was not

18   intentional and resulted from a bona fide error notwithstanding the maintenance by defendant

19   of procedures reasonably adopted to avoid any such error.

20       131.    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

21   AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

22   ACTION CONTAINED THEREIN, this answering defendant alleges that all of its actions

23   were taken in good faith and with a reasonable belief that such actions were legal, appropriate

24   and necessary.

25       132.    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

26   AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

27   ACTION CONTAINED THEREIN, this answering defendant alleges that the representations

28   or statements alleged to have been made by defendant were true, accurate at the time made,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    and/or otherwise were made in good faith and with a reasonable belief as to their truth,

2    validity and accuracy.

3        133.    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

4    FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

5    OF ACTION CONTAINED THEREIN, this answering defendant alleges that statutory and

6    common law immunities apply to the acts and/or omissions complained of in the First

7    Amended Complaint.

8        134.    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

9    FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

10   OF ACTION CONTAINED THEREIN, this answering defendant alleges that each and every

11   cause of action is barred by the privilege embodied in California Civil Code section 47, or

12   arising under federal and/or state common law.

13       135.    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

14   AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

15   ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint is

16   barred by the Doctrine of Estoppel.

17       136.    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

18   FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

19   OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint

20   is barred by the Doctrine of Laches.

21       137.    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

22   FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

23   OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint

24   is barred by the Doctrine of Unclean Hands.

25       138.    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

26   FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

27   OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has

28   waived and is estopped and barred from alleging the matters set forth in the complaint.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    139.    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

2    THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED

3    CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all

4    times and places mentioned in the complaint herein, plaintiff failed to mitigate the amount of

5    her damages.  The damages claimed by plaintiff could have been mitigated by due diligence

6    on her part or by one acting under similar circumstances.  The plaintiff's failure to mitigate is

7    a bar to her recovery under the complaint.

8    140.    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

9    THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED

10    CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that

11    plaintiff was careless and negligent in and about the matters alleged in the complaint, and that

12    said carelessness and negligence on said plaintiff's own part proximately contributed to the

13    happening of the incident and to the injuries, loss and damage complained of, if any there

14    were; that should plaintiff recover damages, defendant is entitled to have the amount thereof

15    abated, reduced or eliminated to the extent that plaintiff's negligence caused or contributed to

16    her injuries, if any.

17    141.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

18    FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

19    OF ACTION CONTAINED THEREIN, this answering defendant alleges that said injuries

20    sustained by plaintiff were either wholly or in part negligently caused by persons, firms,

21    corporations or entities other than this answering defendant, and said negligence is either

22    imputed to plaintiff by reason of the relationship of said parties to plaintiff and/or said

23    negligence comparatively reduces the percentage of negligence, if any, by this answering

24    defendant.

25    142.    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

26    FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

27    OF ACTION CONTAINED THEREIN, this answering defendant alleges that the alleged

28    causes of action set forth in the first amended complaint are, and each of them is, barred by

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    the applicable provisions of California Code of Civil Procedure, including but not limited to,

2    sections 335.1, 338 and 340 of the State of California.

3    143.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

4    THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED

5    CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the

6    sole and proximate cause of the incident complained of by plaintiff in her complaint was due

7    to the act and/or omissions of persons and entities other than this answering defendant..

8    144.    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

9    THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED

10    CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that

11    plaintiff should be denied recovery under the complaint, and each cause of action thereof,

12    because plaintiff's conduct was manifestly unreasonable.

13    145    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

14    THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED

15    CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that its

16    conduct was not the cause in fact or the proximate cause of any of the losses alleged by

17    plaintiff.

18    146.    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

19    FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE

20    OF ACTION CONTAINED THEREIN, this answering defendant alleges that it is entitled to

21    a setoff under California Code of Civil Procedure section 431.70 against any damages to

22    which plaintiff claims an entitlement based on Plaintiff's outstanding obligations.

23    147.    Defendant presently has insufficient knowledge or information on which to

24    form a belief as to whether it may have additional, as yet unstated, defenses available.

25    Defendant reserves the right to assert any and all additional defenses in the event discovery

26    indicates such defenses may be appropriate.

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    WHEREFORE, this answering defendant prays for judgment as follows:

2    1.    That plaintiff takes nothing by her complaint;

3    2.    For reasonable attorney's fees and costs of suit incurred herein;

4    3.    For costs of suit incurred herein; and

5    4.    For such other and further relief as the Court deems proper.

6

7    Dated: December 21, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

8

9                                               By: _____
                                                    J. MARK THACKER
10                                                  Attorneys for Defendant
                                                    THE CBE GROUP, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5038544.1/DB

- 23 -

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO.  C07-05165-JW-PVT

1

## JURY TRIAL DEMANDED

2

3          Defendant THE CBE GROUP, INC. hereby demands trial by jury.

4    Dated: December 21, 2007                ROPERS, MAJESKI, KOHN & BENTLEY

5

6                                    By: _____

7                                         J. MARK THACKER
                                          Attorneys for Defendant
8                                         THE CBE GROUP, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose