Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Ronald Wilcox (SBN 176601)
ATTORNEY AT LAW
2160 The Alameda, First Floor, Suite F
San Jose, California 95126-1122
Telephone Number: (408) 296-0400
Facsimile Number: (408) 296-0486
Email Address: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiff
EVELINE HENRIETTE ROSENBERRY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| EVELINE HENRIETTE ROSENBERRY, <br><br> Plaintiff, <br><br> v. <br><br> THE CBE GROUP, INC., an Iowa corporation, <br><br> Defendant. | Case No.  C07-05165-JW-PVT <br><br> **JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN** <br><br> Date: March 3, 2008 <br> Time: 10:00 a.m. <br> Judge: Honorable James Ware <br> Courtroom: 8, 4th Floor <br> Place: 280 South First Street <br> San Jose, California |

  The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on March 3, 2008, at 10:00 a.m.  The parties jointly request that the Court enter a Case Management Order in this case, based on the parties' discovery plan outlined in this document, without a Case Management Conference.

  **1.**  **Jurisdiction and Service**

  The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

-1-

parties remain to be served.

**2. Statement of Facts**

**a. Plaintiff's Statement**

This case is brought by an individual consumer to address Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The violations stem from Defendant's communications attempting to collect two disputed consumer debts from Plaintiff. Correspondence between the parties has been attached to the Complaint as exhibits. Plaintiff also seeks actual damages, punitive damages and treble damages for Defendant's invasion of Plaintiff's privacy, negligent collection and tort-in-se.

Generally, Plaintiff is a senior citizen who is alleged to owe two financial obligations which were sold, assigned or otherwise transferred to Defendant (hereinafter "the Conoco debt," and "the Shell debt" or when referred to collectively "the alleged debts") for collection from Plaintiff. Thereafter, Defendant began a debt collection campaign using collection letters and repeated telephone calls to Plaintiff at her home.

After receiving Defendant's initial collection letters, Plaintiff mailed cease and desist letters to Defendant, invoking her rights under state and federal law to be left alone. After receiving Plaintiff's letters, Defendant continued its relentless pursuit of Plaintiff through the use of collection letters and repeated telephone calls, thereby intruding upon Plaintiff's privacy and seclusion.

Altogether, Defendant placed at least 29 telephone calls to Plaintiff's home and recorded messages on Plaintiff's answering machine over a period of 41 calendar days. All of these answering machine messages were left after Defendant received Plaintiff's notice requesting that she not be contacted. Each answering machine message left by Defendant violates 15 U.S.C. §§ 1692c(c), 1692d(5), 1692e(5), and 1692g(b), and Cal. Civil Code §§ 1788.11(d), 1788.11(e), and 1788.17.

Defendant failed to disclose Defendant's identity and the nature of Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1112 & 1118

-2-

(C.D. Cal. 2005).

Defendant also failed to disclose that the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

As a consequence of Defendant's abusive collection activities, Plaintiff has suffered economic loss, substantial emotional distress, loss of sleep, loss of enjoyment of life, humiliation, stress, crying, lack of concentration, anxiety and embarrassment.

    **b.**    **Defendants' Statement**

Defendant denies that it has violated the provisions of the Fair Debt Collection Act or the Rosenthal Fair Debt Collection Act, and further denies that it is liable under Plaintiff's claims based on negligence, invasion of privacy and negligence per se. Moreover, Defendant denies that Plaintiff suffered any economic loss or compensable emotional distress. Factual and legal issues are more fully enumerated below.

**3.**    **Legal Issues**

The principal legal issues which the parties dispute:

    a.    Whether Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5) and Cal. Civil Code §§ 1788.11(d) and 1788.17;

    b.    Whether Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5) and Cal. Civil Code §§ 1788.11(e) and 1788.17;

    c.    Whether Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code §§ 1788.11(b) and 1788.17;

    d.    Whether Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code §

-3-

1788.17;

e.  Whether Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debts after receiving cease and desist letters, in violation of 15 U.S.C. § 1692c(c), and Cal. Civil Code § 1788.17;

f.  Whether Defendant attempted to collect the alleged debts by taking actions that could not lawfully be taken, in violation of 15 U.S.C. § 1692e(5), and Cal. Civil Code § 1788.17;

g.  Whether Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b), and Cal. Civil Code § 1788.17;

h.  Whether Defendant's repeated telephone calls, in the face of two cease and desist orders, resulted in an invasion of Plaintiff's privacy and intrusion upon Plaintiff's reasonable expectation of seclusion;

i.  Whether Defendant's use of an automated device which repeatedly caused Plaintiff's telephone to ring resulted in an invasion of Plaintiff's privacy by and intrusion upon Plaintiff's reasonable expectation of seclusion;

j.  Whether Defendant's negligent failure to conform collection activities to the standard of conduct set forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to Plaintiff;

k.  Whether Defendant violated a statutory duty to Plaintiff as set forth in the FDCPA and RFDCPA, and is thereby liable for Plaintiff's damages under the doctrine "tort-in se";

l.  Whether Defendant acted with malice, oppression of fraud;

m.  Whether the acts or omissions alleged by Plaintiff and attributable to Defendant were unintentional and resulted from a bona fide error

|   |   |   |
|---|---|---|
| | | notwithstanding the maintenance of procedures reasonably adopted to avoid any such error pursuant to 15 U.S.C. § 1692k(c); |
| | n. | Whether the acts or omissions alleged by Plaintiff and attributable to Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e); |
| | o. | Whether Defendant acted in good faith and with a reasonable belief that such actions were legal, appropriate and necessary; |
| | p. | Whether Plaintiff suffered any compensable loss legally caused by any alleged act or omission by Defendant; |
| | q. | Whether the acts or omissions of others legally caused or substantially contributed to the economic loss and emotional distress claimed by Plaintiff herein; |
| | r. | Whether California Civil Code section 3345 is applicable so as to allow the imposition of a statutory penalty; |
| | s. | Whether Defendant's conduct was reasonable with respect to its right to collect the subject debts when balanced against Plaintiff's right to be left alone. |

**4.    Motions**

There are no motions pending at this time. However, Plaintiff and Defendant will likely file motions for summary judgment.

**5.    Amendment of Pleadings**

Each party may file an amended pleading without further stipulation.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendant has directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case. Plaintiff will preserve all documents, in paper or electronic form, related to the subject matter if this case.

-5-

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN        Case No. C07-05165-JW-PVT

**7. Disclosures**

    **a. Plaintiff's Statement**

Plaintiff served formal written disclosures on February 1, 2008, as required by Fed. R. Civ. P. 26(a)(1).

    **b. Defendant's Statement**

Defendant has filed its formal written initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a) as required by Rule 26 and this Court's Orders. Additionally, the parties are continuing to meet and confer concerning Plaintiff's computation of damages in her initial disclosure.

**8. Discovery**

**Plaintiff's Discovery:** Plaintiff will serve Interrogatories and Requests for Production of Documents shortly. At this time and without the benefit of Defendant's initial disclosures, Plaintiff anticipates that she may require up to 10 depositions in this matter.

**Defendant's Discovery:**

Plaintiff has identified, in addition to herself, six individuals who purportedly have knowledge regarding her actual damages. Three of these individuals reside outside of the United States. It is unknown at this time whether all of these individuals' depositions will be taken or whether Plaintiff's counsel will agree to produce those witnesses residing outside of the United States for deposition in California. However, depending on Plaintiff's responses to written discovery, it is possible that seven depositions of Plaintiff's fact witnesses will be necessary, some of which may be taken outside of the United States. No limitation or modifications of the discovery rules appear necessary at this time.

**9. Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10. Related Cases**

The parties are not aware of any related cases at this time.

///

-6-

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN    Case No. C07-05165-JW-PVT

**11.    Relief**

    **a.    Plaintiff's Statement**

The Plaintiff requests that this Court:

    i.    Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

    ii.   Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

    iii.  Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692e(5) and 1692g(b);

    iv.  Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

    v.   Declare that Defendant's repeated telephone calls, in the face of two cease and desist orders, resulted in an invasion of Plaintiff's privacy and intrusion upon Plaintiff's reasonable expectation of seclusion;

    vi.  Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

    vii. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    viii. Award Plaintiff a statutory penalty in an amount not less than $100, nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

    ix.  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

    x.   Award Plaintiff her actual and punitive damages in an amount to be determined at trial for Defendant's negligent collection practices;

        xi.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial under the doctrine of "tort-in-se;

        xii.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

        xiii.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

        xiv.    Award Plaintiff such other and further relief as may be just and proper.

### b. Defendant's Statement

Defendant has not filed any counter claim seeking damages or other relief.

### 12. Settlement and ADR

Parties have filed a <u>Joint ADR Stipulation and Proposed Order</u> selecting Mediation as the ADR process in this case. On January 30, 2008, the Court entered an Order referring the case to the Court's ADR Unit for Mediation.

### 13. Consent to Magistrate Judge for All Purposes

The Parties have not consented to a Magistrate Judge for all purposes.

### 14. Other References

None at this time.

### 15. Narrowing of Issues

The Parties anticipate that resolution of motions may narrow the issues for determination.

### 16. Expedited Schedule

The parties do not believe that an expedited schedule is necessary.

### 17. Scheduling

#### a. Plaintiff's proposed schedule.

| | |
|---|---|
| Initial Case Management Conference | March 3, 2008 |
| Close of Fact Discovery | September 30, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | October 10, 2008 |

| | | |
|---|---|---|
| 1 | Last Day to File Dispositive Motions | November 3, 2008 |
| 2 | Opposition to Dispositive Motions | November 17, 2008 |
| 3 | Replies to Dispositive Motions | November 24, 2008 |
| 4 | Hearing on Dispositive Motions | December 8, 2008, at 9:00 a.m. |
| 5 | Final Pre-Trial Conference | January 26, 2009, at 3:00 p.m. |
| 6 | Jury Trial | February 10, 2009, at 9:00 a.m. |

**b.     Defendant's proposed schedule.**

A deadline to complete discovery 60 days prior to trial date.

A deadline to file discovery motions 30 days prior to the trial date.

A deadline to exchange reports from retained experts under F.R.C.P. Rule 26(a)(2)(B) 70 days prior to trial date; and a deadline for rebuttal experts under F.R.C.P. Rule 26(a)(C) 45 days prior to trial date with expert discovery to be completed 15 days before trial; and

A deadline for the filing of all other motions, including dispositive motions 90 days prior to trial date.

**18.     Trial**

Both parties have demanded a jury trial in this matter.

The estimated length of trial is 5 to 7 days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

**a.     Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      i.     Eveline Henriette Rosenberry, an individual residing in Mountain View, California.

**b.     Defendant's Statement**

Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following

listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    i.    For the purposes of Federal Rules of Civil Procedure, Rule 7.1, Defendant The CBE Group, Inc. certifies that there is no parent corporation or publicly held corporation owning 10% or more of its stock.

    ii.    Pursuant to Local Rule 3-16, Defendant The CBE Group, Inc. discloses the following: Thomas R. Penaluna has a financial interest in The CBE Group, Inc.

    iii.    Pursuant to Local Rule 3-16, Defendant The CBE Group, Inc. discloses the following: Executive Risk Indemnity, Inc., has an interest that could be substantially affected by the outcome of the proceeding.

**20.    Other Matters**

None at this time.

Dated: February 25, 2008

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
EVELINE HENRIETTE ROSENBERRY

Dated: February 25, 2008

/s/ J. Mark Thacker
J. Mark Thacker, Esq.
Attorney for Defendant
THE CBE GROUP, INC.